677 N.W.2d 328 (2004)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Michael Steven HOLDER, Defendant-Appellant.
Docket No. 124962, COA No. 238501.
Supreme Court of Michigan.
April 9, 2004.
On order of the Court, the application for leave to appeal the September 16, 2003 judgment of the Court of Appeals is considered, *329 and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case for a hearing pursuant to People v. Ginther, 390 Mich. 436, 212 N.W.2d 922 (1973). Defense counsel's failure to challenge certain jurors may have deprived defendant of the effective assistance of counsel.
This case involves an African-American male who was charged with having sex with a Caucasian woman without informing her that he had AIDS. During jury selection several prospective jurors made comments that suggested opposition to mixedrace relationships and a bias against defendant.
One juror opined that black men express hatred or revenge with violent acts more than do men of other races. The same juror also said that crimes are more often committed by non-Caucasians than Caucasians. When asked if she had already formed an opinion on the defendant's guilt, she responded by writing, "Yes, This is a deadly disease. He took her life into his hands by putting her at risk. He's a horny coward." Another juror, when asked if she believed the defendant was guilty, answered that she thought he was.
Neither of these jurors was challenged peremptorily or for cause, or excused by the court. The judge asked them if they would presume that the defendant was not guilty. He asked if they could prevent their biases from influencing how they decided the case, and if they would be fair and impartial. The jurors responded in the affirmative to each question.
But it is a serious question whether one could reasonably expect these jurors to judge the case fairly. In my view, the failure of defense counsel to challenge these jurors appears to show that she "was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). While it may be conceivable that she had good reason for failing to challenge these jurors, none is apparent from what has been presented to the Court. Therefore, I would remand this case for a Ginther hearing.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.